IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00106-F-1
No. 5:15-CV-00124-F

| | |
|---|---|
| TYRONE ROSWELL DAVIS, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-50] Tyrone Roswell Davis's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-46]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and Davis's § 2255 Motion is DISMISSED.

**I. Factual and Procedural Background**

On April 8, 2010, Davis was charged in a single-count indictment with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. At his arraignment, held on October 4, 2010, Davis pled guilty to Count One pursuant to a written plea agreement.

Davis's sentencing hearing was held on January 18, 2011, and he was sentenced to 83 months' imprisonment. *See* Judgment [DE-21]. On January 24, 2011, Davis filed a Notice of Appeal [DE-27].

In an order [DE-35] entered on August 8, 2011, the Fourth Circuit Court of Appeals dismissed Davis's appeal. Davis sought a writ of certiorari from the United States Supreme

Court, but that petition was denied on December 12, 2011.

Davis's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-46] was filed on March 4, 2015, at the earliest.[1] In his § 2255 motion, Davis argues that he is entitled to relief because his attorney provided ineffective assistance of counsel by failing to challenge the veracity and truthfulness of the Government's statement that it had received a petite waiver from the Attorney General and/or his assistant.

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Davis dated his signature on the § 2255 motion as March 4, 2015. Mot. Vacate [DE-46] at 13.

2

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In this case, Davis's Judgment [DE-21] was entered on January 26, 2011, and Davis filed a Notice of Appeal [DE-27] on January 24, 2011. In an order [DE-35] entered on August 8, 2011, the Fourth Circuit Court of Appeals dismissed Davis's appeal. Davis sought a writ of certiorari from the United States Supreme Court, and that petition was denied on December 12, 2011. Davis filed the instant § 2255 motion on March 4, 2015. Thus, Davis filed his § 2255 motion well beyond this one-year period. For this reason, Davis has not shown that his motion is timely under § 2255(f)(1). Accordingly, Davis's § 2255 motion is time-barred. The court also concludes that Davis has failed to state circumstances suggesting he is entitled to equitable tolling.[2]

---

[2] Equitable tolling is available only in "those rare instances where-due to circumstances external the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-50] is ALLOWED and Davis's § 2255 motion [DE-46] is DISMISSED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court finds that Davis has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 9th day of December, 2015.

James C. Fox
Senior United States District Judge